UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KEVRON LEE and SEANTAVIA LEE,

                              Plaintiffs,

v.                                                                      1:22-cv-1152 (BKS/CFH)

HUDSON POLICE DETECTIVE SERGEANT JASON C. FINN, HUDSON POLICE OFFICER JESSICA MAUSOIF, HUDSON POLICE CHIEF L. EDWARD MOORE, NEW YORK STATE POLICE INVESTIGATOR MICHAEL BURNS, COLUMBIA COUNTY ASSISTANT DISTRICT ATTORNEY RYAN CARTY, COLUMBIA COUNTY DISTRICT ATTORNEY PAUL CZAJKA, JOHN DOE LAW ENFORCEMENT OFFICIALS WHO PROCURED THE SEARCH WARRANT ##1–8, JOHN DOE LAW ENFORCEMENT OFFICIALS WHO OFFERED TESTIMONY OR CAUSED GRAND JURY TESTIMONY ##1–10, JOHN DOE HUDSON POLICE DEPARTMENT SUPERVISORS ##1–4, JOHN DOE HUDSON POLICE OFFICERS ##1–10, JOHN DOE NEW YORK STATE POLICE ##1–10, and JOHN DOE OTHER LAW ENFORCEMENT OFFICIALS ##1–10,

                              Defendants.

---

**Appearances:**

*For Plaintiffs:*
Leo Glickman
Stoll, Glickman & Bellina, LLP
5030 Broadway, Suite 652
New York, New York 10034

*For Defendants Hudson Police Chief L. Edward Moore, Hudson Police Officer Jessica Mausoif, Columbia County District Attorney Paul Czajka, and Columbia County Assistant District Attorney Ryan Carty:*
Thomas K. Murphy
Murphy Burns LLP
407 Albany Shaker Road
Loudonville, New York 12211

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiffs Kevron Lee and Seantavia Lee bring this action against six named Defendants, Hudson Police Detective Sergeant Jason C. Finn in his individual and official capacities, Hudson Police Officer Jessica Mausoif in her individual and official capacities, Hudson Police Chief L. Edward Moore in his individual and official capacities, New York State Police Investigator Michael Burns in his individual capacity, Columbia County Assistant District Attorney Ryan Carty in his individual and official capacities, and Columbia County District Attorney Paul Czajka,[1] as well as fifty-two unidentified Doe Defendants. (Dkt. No. 1.)[2] Both Plaintiffs assert a claim under 42 U.S.C. § 1983 for unlawful entry and trespass in violation of their right to be free from unreasonable search and seizure against Defendants Finn, Moore, Carty, and Czajka, as well as ten Doe Defendants; and Mr. Lee asserts claims under 42 U.S.C. § 1983 for false arrest and false imprisonment against all Defendants; malicious prosecution against all Defendants; and deprivation of the right to a fair trial against Defendant Finn. (*Id.* ¶¶ 42–60.) Defendants Finn, Mausoif, and Moore, Defendants Carty and Czajka, and Defendant Burns filed answers to the complaint. (Dkt. Nos. 19, 20, 30.) Presently before the Court is Defendants Moore, Mausoif, Czajka, and Carty's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and

---

[1] Plaintiffs do not identify in their complaint in which capacities they assert claims against Defendant Czajka. (Dkt. No. 1, ¶ 18.)

[2] Plaintiffs subdivide the Doe Defendants into the following groups: John Doe law enforcement officials who procured the search warrant #1–8; John Doe law enforcement officials who offered testimony or caused grand jury testimony #1–10; John Doe Hudson Police Department supervisors #1–4; John Doe Hudson Police Officers #1–10; John Doe New York State Police #1–10; and John Doe other law enforcement officials #1–10. (*Id.* at 1.)

12(c). (Dkt. No. 29.) The motion is fully briefed. (Dkt. Nos. 33, 34.) For the following reasons, the Court grants the motion to dismiss.

## II.  FACTS[3]

At all relevant times, Plaintiffs resided together in an apartment in Columbiaville, New York. (Dkt. No. 1, ¶ 13.) On July 30, 2021, there was a shooting in Hudson, New York. (*Id.* ¶¶ 30–31.) On August 4, 2021, Defendant Finn "signed two felony complaints against Mr. Lee for attempted murder in the second degree with a gun and Conspiracy to commit murder" in relation to the shooting. (*Id.* ¶ 29.) Plaintiffs allege that Defendant Finn "knowingly forwarded . . . false information . . . to prosecutors (verbally and in written reports), that [Mr.] Lee fired three rounds from a firearm at Marcus Mitchell and conspired to do so." (*Id.* ¶ 58.) Defendant Finn "had no probable cause to initiate and sign accusatory documents against Mr. Lee." (*Id.* ¶ 29.) Defendant Finn, Plaintiffs allege, "had no evidence whatsoever that Kevron Lee committed the acts he swore to in his Felony Complaint." (*Id.* ¶ 31.)

Nevertheless, "motivated" by Defendant Finn's "wild, fabricated sworn accusation," at about 3:00 a.m. on August 6, 2021, "law enforcement officers bang[ed] down the door to" Plaintiffs' apartment, "aggressively entered the home," and "ransacked" it. (*Id.* ¶¶ 22–23, 26, 32.) Mr. Lee was "violently handcuffed" and "taken out in front of the house where he could be seen in police custody by neighbors and onlookers." (*Id.* ¶ 24.) Ms. Lee, who was visibly pregnant at the time, was also handcuffed, initially behind her back and then in front of her body. (*Id.* ¶¶ 13, 25.) Law enforcement officers "had no probable cause to believe that Mr. Lee committed a crime," but they detained Mr. Lee and took him to the Hudson Police Station, where

---

[3] The facts are drawn from the complaint, (Dkt. No. 1.) The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true the legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

he was "held in custody and processed for an arrest." (*Id.* ¶ 27.) Mr. Lee was in police custody for approximately eleven hours. (*Id.*) Mr. Lee was charged with attempted murder, conspiracy, and "a myriad of other crimes involving narcotics and possession of stolen goods," and his arrest, along with others, "was announced to the press . . . with great fanfare and congratulation" by Defendant Moore, who "lauded the professionalism of his own Department, Czajka's District Attorney's Office and other agencies." (*Id.* ¶¶ 3, 28, 36.) Plaintiffs allege that "[a]ny search warrant that was procured to give law enforcement authority to enter the home was obtained through the proffering of false evidence to the judge granting the warrant." (*Id.* ¶ 44.) Mr. Lee denied "all charges and allegations made against him in connection with his arrest and prosecution." (*Id.* ¶ 38.)

On August 11, 2021, the charges against Mr. Lee "and others" were presented to a grand jury, and "evidence was proffered in a fraudulent, bad faith manner by" Defendant Burns; for example, Plaintiffs allege Defendant Burns "misrepresented the meaning and context of intercepted communications of Mr. Lee." (*Id.* ¶ 34.) Plaintiffs further allege that "other John Doe Defendants" also proffered evidence in a fraudulent, bad-faith manner. (*Id.*) As a result of the "fraudulently procured indictment, Mr. Lee was forced to answer for extremely serious false criminal charges against him for over one year." (*Id.* ¶ 35.) Plaintiffs also allege that a Hudson Police Department press release, dated August 6, 2021, quoted Defendant Czajka and indicated that Defendant Carty "led the investigation for" Defendant Czajka. (*Id.* ¶ 33 (internal quotation marks omitted).)

On September 12, 2021, in response to a motion made by Mr. Lee to dismiss the narcotics and stolen property charges, Defendant Czajka's office "told the court that there was no good faith basis to defend the motion to dismiss." (*Id.* ¶ 4.) Nearly a year later, on September 7,

2022, the presiding judge, in dismissing all charges against Mr. Lee, stated that "not only was the evidence presented insufficient to continue the prosecution, but in fact no such evidence was presented," and "there was no evidence demonstrating that Mr. Lee (or others) committed the crime." (*Id.* ¶¶ 5, 31.) Defendant Moore did not issue a press release indicating the charges against Mr. Lee were dismissed. (*Id.* ¶ 36.) Plaintiffs allege that Hudson Police have previously "targeted Mr. Lee by arresting him and charging him with serious felonies, only for the charges to be dismissed each time." (*Id.* ¶ 37.)

Plaintiffs allege that the Hudson Police Department press release was titled "Men Outta Business," which Plaintiffs claim is "an operation against certain residents of Columbia County . . . in response to the [Hudson Police] Department's allegation that a gang of men operates in Hudson and surrounding areas called 'Men Of Business.'" (*Id.* ¶¶ 1, 36.) Plaintiffs further allege that the search of their apartment and the arrest and prosecution of Mr. Lee were part of "operation Men Outta Business." (*Id.* ¶ 28.) Plaintiffs also allege that when charges against Mr. Lee were dismissed, charges against others related to "Operation Men Outta Business were also dismissed." (*Id.* ¶ 5.) During the relevant time, Plaintiffs allege that Defendant police officers were engaged in a joint venture and formed an agreement to violate Plaintiff's rights" and that "individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events . . .[and] failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff." (*Id.* ¶ 39.)

5

## III.  STANDARD OF REVIEW

Under Rule 12(c) of the Federal Rules of Civil Procedure, any party may request judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial."[4] A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(c) "is governed by the same standard that applies to a Rule 12(b)(1) motion," *Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp. 3d 232, 239 (S.D.N.Y. 2015), while the standard for granting a Rule 12(c) motion to dismiss for failure to state a claim "is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim," *see Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (quoting *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020)).

A claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010). A district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true[] and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation

---

[4] While Moving Defendants also move to dismiss pursuant to Rule 12(b)(1), because Defendants Mausoif, and Moore and Defendants Carty and Czajka have filed answers, (Dkt. Nos. 19, 20), the Court construes Moving Defendants' motion as made under Rule 12(c).

of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## IV.    ANALYSIS

### A.    Matters Outside the Pleadings

Plaintiffs attach to their opposition to Moving Defendants' motion to dismiss two exhibits: an online article from "The Gossips of Rivertown," (Dkt. No. 33-2), which Plaintiffs claim contains the August 6, 2021, Hudson Police Department press release, (Dkt. No. 33, at 4; Dkt. No. 33-1, ¶ 2), and two felony complaints, signed by Defendant Finn and dated August 4, 2021, against Mr. Lee for attempted murder in the second degree with a gun and conspiracy in the second degree, (Dkt. No. 33-1, ¶ 3; Dkt. No. 33-3). Plaintiffs argue that these documents were incorporated by reference in the complaint in paragraphs thirty-three and twenty-nine through thirty-two, respectively. (Dkt. No. 33, at 4, 6: Dkt. No. 33-1, ¶¶ 2–3.) Moving Defendants make no argument with respect to the felony complaints but argue that Plaintiffs' submission of the "Gossips of Rivertown" article is improper and that the article should not be considered by the Court. (Dkt. No. 34, at 5–6.)

"Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself," *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006), and "documents attached to the complaint as exhibits," *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d

7

104, 111 (2d Cir. 2010). However, considering "materials outside the complaint is not entirely foreclosed on a 12(b)(6) motion." *Faulkner*, 463 F.3d at 134. A complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). "To be incorporated by reference, the complaint must make a clear, definite and substantial reference to the document[]." *Lateral Recovery, LLC v. Cap. Merch. Servs., LLC*, 632 F. Supp. 3d 402, 436 (S.D.N.Y. 2022) (quoting *McKeefry v. Town of Bedford*, 2019 WL 6498312, at *3, 2019 U.S. Dist. LEXIS 207874, at *7 (S.D.N.Y. Dec. 2, 2019)). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Nicosia*, 834 F.3d at 230 (quoting *DiFolco v.*, 622 F.3d at 111 (internal quotation marks omitted)). "Merely mentioning a document in the complaint will not satisfy this standard; indeed, even offering 'limited quotation[s]' from the document is not enough." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (alteration in original). Rather, the contents of a document must "appear to have been necessary to the 'short and plain statement of the claim showing that [a plaintiff is] entitled to relief.'" *Lateral Recovery*, 632 F. Supp. 3d at 436 (alteration in original) (quoting *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 68 (2d Cir. 2008)). That is, "'[a] necessary prerequisite' to a finding that materials are integral to a complaint 'is that the "plaintiff[] rel[y] on the terms and effect of [the] document in drafting the complaint.'" *Id.*, 2022 WL 4815615, at *20, 2022 U.S. Dist. LEXIS 181044, at *65 (alterations in original) (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006)).

However, even where a document is integral to the complaint, it must be "clear" that "no dispute exists regarding the authenticity or accuracy of the document" and that "there exist no material disputed issues of fact regarding the relevance of the document." *Faulkner*, 463 F.3d at 134. "[I]f material is not integral to or otherwise incorporated in the complaint, it may not be considered unless the motion to dismiss is converted to a motion for summary judgment and all parties are 'given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Nicosia*, 834 F.3d at 231 (quoting Fed. R. Civ. P. 12(d)).

Here, Plaintiffs argue that a Hudson Police Department press release, dated August 6, 2021, is incorporated by reference into the complaint in paragraph thirty-three. But Plaintiffs did not submit a press release to the Court. As Moving Defendants note, the document submitted by Plaintiff is "an online newsletter" "entitled 'Gossips of Rivertown." (Dkt. No. 34 at 5.) Moving Defendants object to the Court's consideration of this document, noting that it "purports to comment on a press release from the Hudson Police Department." (*Id.*) Where there is a dispute as to the accuracy of a document, even if it is incorporated by reference into or integral to a complaint, a court may not consider it on a motion to dismiss for failure to state a claim. *See Great N. Ins. Co. v. ADT LLC*, No. 21-cv-685, 2022 WL 833320, at *2, 2022 U.S. Dist. LEXIS 50116, at *4 (N.D.N.Y. Mar. 21, 2022) (declining to consider an "exemplar contract" attached to a motion to dismiss where the authenticity and accuracy of the "exemplar contract" as compared to the contract at issue were disputed). The Court therefore declines to consider the newsletter.

Plaintiffs also refer in the complaint to "two felony complaints against Mr. Lee for attempted murder in the second degree with a gun and Conspiracy to commit murder" and quote directly from the felony complaints. (Dkt. No. 1, ¶¶ 29–30.) These felony complaints are at the heart of Plaintiff's unlawful arrest and malicious prosecution claims, and accordingly, the Court

9

will consider the felony complaints in deciding the instant motion. *See Golden v. Gagne*, No. 21-cv-85, 2022 WL 425485, at *1 n.2, 2022 U.S. Dist. LEXIS 24981, at *3 n.2 (N.D.N.Y. Feb. 10, 2022); *Alvarez v. County of Orange*, 95 F. Supp. 3d 385, 394 (S.D.N.Y. 2015).

### B. Eleventh Amendment Immunity

Moving Defendants correctly argue that claims against Defendants Czajka and Carty in their official capacities are barred by the Eleventh Amendment. (Dkt. No. 29-2, at 7); *see Blazquez v. City of Amsterdam*, No. 21-cv-1286, 2023 WL 2164516, at *4, 2023 U.S. Dist. LEXIS 28920, at *9–10 (N.D.N.Y. Feb. 22, 2023). In response, Plaintiffs concede that Defendants Czajka and Carty cannot be sued in their official capacities. (Dkt. No. 33, at 3.) Accordingly, Moving Defendants' motion to dismiss is granted with respect to all claims against Defendants Carty and Czajka in their official capacities.[5]

### C. Personal Involvement

Moving Defendants argue that Plaintiffs have failed to allege personal involvement of Defendants Moore, Mausoif, Czajka, or Carty. (Dkt. No. 29-2, at 10–13.) Specifically, Moving Defendants argue that Plaintiffs attempt to hold Defendants Moore, Czajka, and Carty liable on an impermissible respondeat superior basis; that the complaint contains only "conclusory statements," not "plausible factual allegations" against Defendants Czajka and Carty; and that the complaint, other than identifying her, contains no reference to Defendant Mausoif. (*Id.*) Plaintiffs argue that "[i]t is entirely plausible and quite likely allegation that [Defendant] Moore, who referred to himself and others as being an integral part of an investigation, was a part of said

---

[5] The Court notes that Moving Defendants' Eleventh Amendment argument appears to be their only argument premised on the Court lacking subject-matter jurisdiction because prosecutorial immunity, as with other absolute immunities, is an affirmative defense rather than a question of jurisdiction. *See C.R. Corps v. Pestana*, No. 21-cv-9128, 2022 WL 3445729, at *3 n.2, 2022 U.S. Dist. LEXIS 147602, at *8 (S.D.N.Y. Aug. 17, 2022) (collecting cases). Thus, the remainder of Plaintiffs' claims are examined under the Rule 12(b)(6) standard.

investigation, upon which [Defendant] Finn claims to have relied when he swore out his false felony complaints against Mr. Lee" and that Defendant Moore's statements and other statements from the August 6, 2021, press release about Defendants Czajka and Carty plausibly suggest their personal involvement. (Dkt. No. 33, at 6–7; Dkt. No. 1, ¶¶ 33, 36.) Plaintiffs concede that they have not pleaded sufficient personal involvement of Defendant Mausoif. (Dkt. No. 33, at 7.)

It is well-settled that "the 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). That is, to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show "the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (citations omitted). To do so, a plaintiff must "allege a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "[T]here is no special rule for supervisory liability" under § 1983; rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).

### 1. Defendant Mausoif

Moving Defendants argue that the complaint, other than naming Defendant Mausoif and identifying her as an employee of the Hudson Police Department, contains no reference to her. (Dkt. No. 29-2, at 12–13.) Plaintiffs concede that they have failed to plead sufficient personal involvement of Defendant Mausoif and agree that it is proper to dismiss her from this action. (Dkt. No. 33, at 7.) Accordingly, Moving Defendants' motion to dismiss is granted as to claims against Defendant Mausoif.

### 2.     Defendant Moore

As to Defendant Moore, Plaintiffs have alleged only that he "was responsible for . . . overseeing the decision to raid the Plaintiff's home, arrest and imprison him, and to charge him with crimes"; announced Mr. Lee's arrest to the press; and refrained from issuing a press release announcing that charges against Mr. Lee were dismissed. (Dkt. No. 1, ¶¶ 15, 28, 36.) The complaint fails to plausibly allege that Defendant Moore was personally involved with any of the acts giving rise to Plaintiffs' claims. At most, the allegations against Defendant Moore suggest that he had a supervisory role, but "there is no special rule for supervisory liability," *see Tangreti*, 983 F.3d at 618. "[A] plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution,'" *id.* (quoting *Iqbal*, 556 U.S. at 676, 129 S. Ct. 1937), and Plaintiffs have not done so with respect to Defendant Moore.[6]

Plaintiffs' argument that "[i]t is an entirely plausible and quite likely allegation that [Defendant] Moore, who referred to himself and others as being an integral part of an investigation, was a part of said investigation," (Dkt. No. 33, at 6), is unavailing. Plaintiffs have failed to plausibly allege Defendant Moore's personal involvement in any alleged constitutional deprivation. Accordingly, Moving Defendants' motion to dismiss is granted as to claims against Defendant Moore.

---

[6] The felony complaints that Plaintiffs incorporate by reference into the complaint do not provide any support for the contention that Defendant Moore was personally involved in any alleged constitutional deprivation. (Dkt. No. 33-3.) And even if the Court were to consider the document that Plaintiffs argue contains the August 6, 2021, Hudson Police Department press release, Plaintiffs' allegations would still be insufficient to plausibly state a claim against Defendant Moore.

### 3. Defendants Czajka and Carty

The complaint alleges that Defendant Carty "led the investigation for" Defendant Czajka and the Columbia County District Attorney's Office in connection with the Men Outta Business operation." (Dkt. No. 1, ¶¶ 17, 33.) Defendant Czajka, the District Attorney for Columbia County, was "was responsible for overseeing the investigation his office conducted of Kevron Lee." (*Id.* ¶ 18.) Plaintiffs allege that Defendant Czajka was "quoted" in the Hudson Police Department's press release announcing Mr. Lee's arrest. (*Id.* ¶ 33.) Plaintiffs further allege that "[i]n their investigatory function, Carty and Czajka . . . caused the search or Mr. Lee's home, his false arrest, and his malicious prosecution." (*Id.*)

Defendants argue that the claims against Czajka and Carty should be dismissed because they are protected by absolute prosecutorial immunity. (Dkt. No. 29-2, at 7–9.) "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute prosecutorial immunity covers "conduct of prosecutors that was 'intimately associated with the judicial phase of the criminal process.'" *Bernard v. County of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004) (quoting *Imbler*, 424 U.S. at 430). "The Supreme Court has explained that a prosecutor's functions preliminary to the initiation of proceedings include 'whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler*, 424 U.S. at 431 n.33). Absolute immunity does not, however, cover "a prosecutor's acts of investigation or administration," *see Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994), which are "protected only by qualified, rather than absolute, immunity," *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997).

Here. Plaintiffs' allegation that Defendants Czajka and Carty were acting "in their investigatory function" is a legal conclusion that the Court does not accept as true. *See Iqbal*, 556 U.S. at 678. And Plaintiffs' allegation that Defendants Czajka and Carty "caused the search or Mr. Lee's home, his false arrest, and his malicious prosecution" is conclusory and does not allege facts from which the Court could plausibly infer that Defendant Czajka or Defendant Carty committed acts that were not intimately associated with the judicial phase of the criminal process.

To the extent Plaintiffs' allegation that Defendant Czajka or Defendant Carty "caused the search or Mr. Lee's home" is based upon these Defendants' act of applying for a search warrant, that is protected by absolute prosecutorial immunity. *See Burns v. Reed*, 500 U.S. 478, 491–92 (1991). And to the extent Plaintiffs' allegation that Defendant Czajka or Defendant Carty "caused . . . [Mr. Lee's] false arrest[] and his malicious prosecution" is based upon the Defendants' charging decision, the allegations fail to plausibly state a claim because "whether to present a case to a grand jury, whether to file an information, [and] whether and when to prosecute" are protected by absolute prosecutorial immunity. *See Giraldo*, 694 F.3d at 165(quoting *Imbler*, 424 U.S. at 431 n.33). Finally, to the extent Plaintiffs' claims are based on allegations that Defendant Czajka was engaged in supervision "directly connected with the advocacy functions of the prosecutors," his actions were protected by absolute prosecutorial immunity. *Buari v. City of New York*, 530 F. Supp. 3d 356, 382 (S.D.N.Y. 2021) ("[S]upervisory prosecutors are immune in a suit directly attacking their actions related to an individual trial." (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 346 (2009))).[7]

---

[7] The felony complaints that Plaintiffs incorporate by reference into the complaint do not provide any support for the contention that Defendant Czajka or Defendant Carty were personally involved in any alleged constitutional deprivation. (Dkt. No. 33-3.) And even if the Court were to consider the document that Plaintiffs argue contains the

Accordingly, Moving Defendants' motion to dismiss is granted as to claims against Defendants Czajka and Carty in their individual capacities.

## V.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants Moore, Mausoif, Czajka, and Carty's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c), (Dkt. No. 29), is **GRANTED**; and it is further

**ORDERED** that all claims raised in Plaintiff's complaint, (Dkt. No. 1), as to Defendant Czajka or Defendant Carty in their official capacities are **DISMISSED** for lack of subject-matter jurisdiction; and it is further

**ORDERED** that all claims raised in Plaintiff's complaint as to Defendant Czajka or Defendant Carty in their individual capacities or Defendant Moore or Defendant Mausoif in their individual or official capacities are **DISMISSED** and Defendants Moore, Mausoif, Czajka, and Carty are **DISMISSED** from this action.[8]

   **IT IS SO ORDERED.**

Dated: October 13, 2023
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

August 6, 2021, Hudson Police Department press release, Plaintiffs' allegations would still be insufficient to plausibly state a claim against Defendant Czajka or Defendant Carty.

[8] Plaintiffs have not sought leave to amend or provided any factual basis to believe that amendment of the complaint would be viable. Therefore, the Court has not addressed the issue of amendment.